UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTURO GONZALEZ LOYOLA,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:26-cv-00315-TMC<br><br>AMENDED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

### I. INTRODUCTION AND BACKGROUND

Petitioner Arturo Gonzalez Loyola entered the United States without inspection in 1991, was arrested by immigration officers on January 19, 2026, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 47–48. He is the father of an 18-year-old U.S. citizen. *Id.* ¶ 47. There is no indication that he has had a bond hearing since his arrival at NWIPC, as Respondents have determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* ¶ 51; Dkt. 4 at 3.

On January 27, 2026, Gonzalez Loyola filed a petition for writ of habeas corpus, arguing that his mandatory detention under § 1225(b)(2) violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

AMENDED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Dkt. 1 ¶¶ 27–46, 53–55. On February 11, Federal Respondents filed a return to the habeas petition. Dkt. 4. Gonzalez Loyola filed a traverse two days later. Dkt. 5.

The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

### A.     Gonzalez Loyola is entitled to habeas relief under *Rodriguez Vazquez v. Bostock*.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Gonzalez Loyola argues that § 1225(b)(2) does not apply to him because he entered the United States without inspection, was not apprehended on arrival, and resided in the United States for years prior to his detention. Dkt. 1 ¶¶ 47–55. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Gonzalez Loyola is a member of the Bond Denial Class for purposes of this matter. Dkt. 4 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Gonzalez Loyola, who has resided in the United States for over three decades, is subject to discretionary detention under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Gonzalez Loyola has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

**B.    The Court declines to order Gonzalez Loyola's immediate release.**

Federal Respondents argue that if the Court grants Gonzalez Loyola's habeas petition, the appropriate relief is to order that he be provided a bond hearing under § 1226(a). Dkt. 4 at 3. Gonzalez Loyola argues that due process requires his immediate release because he has been unlawfully subject to mandatory detention under § 1225(b)(2). Dkt. 5 at 4–6. The Court concludes that a bond hearing is the appropriate relief at this time.

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to

ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Gonzalez Loyola's request for release is premature. Section 1226 requires only consideration of release on bond, and a bond hearing will therefore both correct Respondents' unlawful application of § 1225(b)(2) to this Petitioner and cure any due process violation arising from the application of that incorrect statutory framework. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Gonzalez Loyola may seek further relief from the Court at that time.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Arturo Gonzalez Loyola's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 24th day of February, 2026.

Tiffany M. Cartwright
United States District Judge